# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: JUNE 19, 2008
TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

2007-SC-000183-WC

**DATE** 9-18-08 Elizabeth Brown D.C.

UNINSURED EMPLOYERS' FUND                                                    APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                                   2006-CA-000883-WC
WORKERS' COMPENSATION NO. 03-2186

CITY OF SALYERSVILLE; MARTY SMITH;
E & D MOUNTAIN VIEW CONSTRUCTION;
HONORABLE JOHN W. THACKER,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD                                              APPELLEES

## OPINION OF THE COURT

### AFFIRMING

KRS 342.610(1) requires every employer that is subject to Chapter 342 to be liable for workers' compensation benefits without regard to fault. KRS 342.610(2)(b) includes among liable employers a "person" who contracts with another to have work performed that is a regular or recurrent part of the person's trade, business, occupation, or profession. KRS 342.630 identifies classes of employers that are subject to Chapter 342. Finally, KRS 342.690(1) states that Chapter 342 provides an employee's exclusive remedy against an employer who secures the payment of workers' compensation benefits or against the employer's employees.

An Administrative Law Judge (ALJ) determined that the City of Salyersville was a contractor under KRS 342.610(2) and bore liability for the claimant's injury because his

direct employer was uninsured. The Workers' Compensation Board (Board) affirmed, but the Court of Appeals reversed. It determined that KRS 342.610(2)(a) did not cover the City's sewer project and that the claimant's work on the project was not a regular or recurrent part of the City's business as required by KRS 342.610(2)(b). Although we affirm, we do so because the City of Salyersville is not a "person" for the purposes of Chapter 342 and is not liable under KRS 342.610(2) as an employer.

The claimant worked primarily as an excavator operator for E & D Mountain View Construction, a company that constructed and installed water and sewer lines. He alleged that he injured his back on September 23, 2003, in the course of installing sewer lines in the City of Salyersville. He testified that he was on his knees in the trench, jerking a spigot onto the belled end of a piece of sewer pipe, and felt back pain.

The mayor testified that the City's Water and Sewer Board provides utilities to its residents, including sewer services, but that the City does not have the means to design or construct sewer systems. He explained that it lacks the financial means, employees with the training to design such a project, employees with the training to complete such a project, and the necessary equipment. The mayor testified that Big Sandy Area Development District helped the City obtain grants to finance the project and later administered the grants with Summitt Engineering. Big Sandy ADD recommended Summitt to design the project and to run bids for construction companies. It also reviewed the bids with Summitt, recommended E & D as the contractor to install the system, and prepared the City's contract with E & D. The contract required E & D to maintain workers' compensation coverage and referred to the City as the "owner" and to E & D as the "contractor." Summitt provided the construction supervisor. He stated

2

that the last system had probably been constructed in the 1940's or 1950's. The present project had been underway for about seven and one-half years.

E & D obtained workers' compensation insurance coverage from KEMI, but the policy expired on September 10, 2003. E & D did not attempt to renew it until September 30, 2003, which was after the claimant's injury. Thus, KEMI informed the Office of Workers' Claims that E & D was uninsured, and the Uninsured Employers' Fund (UEF) was made a party when the claimant filed his application for benefits.

The ALJ determined that the injury entitled the claimant to receive permanent partial disability benefits that were enhanced under KRS 342.730(1)(c). Noting that E & D did not have workers' compensation coverage on the date of the accident, the ALJ found that the City bore "up-the-ladder" liability under both KRS 342.610(2)(a) and (b). The ALJ reasoned that the City was in the regular or recurrent business of providing utility services, that E & D's work was to "facilitate the utility services," and that it "consisted of the removal and excavation of soil in the laying of utility lines." Thus, the UEF was entitled to be reimbursed by E & D and by the City to the extent that E & D was unable to do so.

The legislature repealed many provisions of the Workers' Compensation Act in 1972 and enacted new ones. Among the newly-enacted provisions were Ky. Acts ch. 78, §§ 1, 2(14), 3, and 9, which are presently numbered KRS 342.610, KRS 342.0011(16), KRS 342.630, and KRS 342.690 respectively. They are substantially the same as when enacted.

KRS 342.610(2)(b) states, in pertinent part, as follows:

> A contractor who subcontracts all or any part of a contract and his carrier shall be liable for the payment of compensation to the employees of the subcontractor unless

3

the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter. . . . A person who contracts with another:

(a) To have work performed consisting of the removal, excavation, or drilling of soil, rock, or mineral, or the cutting or removal of timber from land; or

(b) To have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person shall for the purposes of this section be deemed a contractor, and such other person a subcontractor. . . . (emphasis added).

KRS 342.690(1) states, in pertinent part, as follows:

If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. For purposes of this section, the term "employer" shall include a "contractor" covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation. . . . The exemption from liability given an employer by this section shall also extend to such employer's carrier and to all employees, officers or directors of such employer or carrier, provided the exemption from liability given an employee, officer or director or an employer or carrier shall not apply in any case where the injury or death is proximately caused by the willful and unprovoked physical aggression of such employee, officer or director. (emphasis added).

If an injured worker's direct employer fails to provide workers' compensation coverage, KRS 342.610(2)(b) deems the "up-the-ladder" contractor to be the employer. KRS 342.690(1) then provides the contractor as well as to the contractor's employees, officers, and directors with an exclusive remedy defense to potential tort liability. General Electric Company v. Cain, 236 S.W.3d 579 (Ky. 2007), explains, however, that

4

the purpose of KRS 342.610(2)(b) is not to shield contractors from tort liability but to assure that both contractors and subcontractors provide workers' compensation coverage to their employees.

KRS 342.610(2) clearly describes a contractor as a "person." For the purposes of Chapter 342, KRS 342.0011(16) defines a "person" as being "any individual, partnership, limited partnership, limited liability company, firm, association, trust, joint venture, corporation, or legal representative thereof." Although the definition may be construed as including certain governmental entities, KRS 342.630 makes it clear that the legislature intended not to include governmental entities within the term "person." KRS 342.630 provides as follows:

> The following shall constitute employers mandatorily subject to, and required to comply with, the provisions of this chapter:
>
> (1) Any person, other than one engaged solely in agriculture, that has in this state one (1) or more employees subject to this chapter.
>
> (2) The state, any agency thereof, and each county, city of any class, school district, sewer district, drainage district, tax district, public or quasipublic corporation, or any other political subdivision or political entity of the state that has one (1) or more employees subject to this chapter.

KRS 342.630 considers persons and governmental entities to be separate classes of employers subject to Chapter 342. Although KRS 342.630 requires both classes to provide workers' compensation coverage to direct employees, KRS 342.610(2) considers only persons to be contractors. It does not hold a governmental entity liable as the "up-the-ladder" employer of an uninsured subcontractor's employees because a governmental entity is not a "person." We note, however, that KRS 342.176.085 and KRS 45A.480 require persons who contract with the state to comply

5

with the Workers' Compensation Act and impose a fine on those who fail to do so. Moreover, KRS 342.760 protects the employees of an uninsured employer by placing secondary liability on the Uninsured Employers' Fund.

The City argued in its appeal to the Board that a governmental entity should not be liable for workers' compensation benefits as a contractor or "up-the-ladder" employer, but it failed to argue specifically that a municipal corporation is not a "person" as defined in KRS 342.0011(16) or used in KRS 342.610(2). The City also argued that the construction and installation of sewer lines was not a regular or recurrent part of its trade or business. The Board affirmed under KRS 342.610(2)(b), noting that the City failed to address the ALJ's finding under KRS 342.610(2)(a).

The Court of Appeals reversed, concluding that KRS 342.610(2)(a) was inapplicable to the sewer project and that the finding against the City under KRS 342.610(2)(b) was clearly erroneous. Thus, it also concluded that the City's newly-raised argument that it was not a person was moot.

The UEF asserts that the Court of Appeals erred by reversing the Board's decision because the City failed to appeal the ALJ's finding under KRS 342.610(2)(a) and because substantial evidence supported the finding under KRS 342.610(2)(b). We disagree.

The City has maintained from the outset that it is not a contractor under KRS 342.610(2). As noted in Mitchell v. Hadl, 816 S.W.2d 183, 185 (Ky. 1991), and previously in First National Bank of Louisville v. Progressive Casualty Insurance Co., 517 S.W.2d 226, 230 (Ky. 1974), the court normally confines itself closely to the analysis and theories presented by the parties. To do so in the present case would,

however, result in a clear misapplication of KRS 342.610(2). Substantial evidence could not support a finding against the City under a correct interpretation of either subsection of KRS 342.610(2) because the City is not a "person" and, therefore, could not be a contractor for the purposes of imposing up-the-ladder liability. It is unnecessary under the circumstances to consider whether KRS 342.610(2)(a) applies to excavation for the purpose of installing sewer lines.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT,
UNINSURED EMPLOYERS' FUND:

PATRICK M. ROTH
ASSISTANT ATTORNEY GENERAL
1024 CAPITAL CENTER DRIVE
SUITE 200
FRANKFORT, KY 40601-8204


COUNSEL FOR APPELLEE,
CITY OF SALYERSVILLE:

J. LOGAN GRIFFITH
WELLS, PORTER, SCHMITT & JONES
P.O. DRAWER 1767
PAINTSVILLE, KY 41240

COUNSEL FOR APPELLEE,
MARTY SMITH:

THOMAS G. POLITES
WILSON, POLITES & MCQUEEN
444 EAST MAIN STREET
SUITE 201
LEXINGTON, KY 40507

COUNSEL FOR APPELLEE,
E & D MOUNTAIN VIEW CONSTRUCTION:

J. THOMAS HARDIN
HARDIN LAW OFFICE
P.O. BOX 1416
INEZ, KY 41224